ISADOR WARSHAWSKY, MAX GAER AND BERNERT COHEN, PLAINTIFFS, v. NATHAN LIEBOWITZ, CARL R. NELSON, TRADING AS NELSONS' EXPRESS, AND LAWRENCE J. VENEMA, DEFENDANTS.

Submitted October 18, 1930—Decided June 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiffs, Weinberger & Weinberger.

For the defendant Nathan Liebowitz, Edwards, Smith & Dawson.

For the defendants Carl R. Nelson, trading as Nelsons' Express, and Lawrence J. Venema, Alexander M. McLeod.

PER CURIAM.

This is plaintiffs' rule to show cause why the verdict at the Passaic Circuit in favor of all of the defendants should not be set aside.

The case arose out of an automobile accident which occurred May 11th, 1929, wherein an automobile owned and operated by the defendant Liebowitz was in collision with a motor truck owned by defendant Nelson and driven by his servant, Venema.

Liebowitz was driving towards Paterson on Lexington avenue, in Clifton, and Venema was driving in the opposite direction towards Passaic. When Venema reached the intersection of Randolph street, he made a left turn to enter into the street, and Liebowitz, coming towards Venema, truck the right rear wheel of Venema's truck. The plaintiffs were all passengers in the Chevrolet car which was owned and driven by Liebowitz, and they all claim to have sustained personal injuries.

It is first said that the verdict in favor of the defendants was against the weight of the evidence. The only witnesses to the accident were the drivers and the occupants of the two cars, who were called as witnesses by the plaintiffs.

The defendant Venema testified that he was going about ten miles an hour with an open truck; that he could stop his truck, going at that rate, within three feet; that he made a left-hand swing into Randolph street; that there were no cars coming in his direction, and when he had proceeded approximately three-quarters of the way across Randolph street, the defendant Liebowitz, operating his Chevrolet automobile, struck the real wheel of Venema's truck. He further testified that he blew his horn, and he also testified that he stopped a few feet after the collision. He further testified that Liebowitz was traveling approximately thirty-five miles an hour and was "tearing down" Randolph street at that rate of speed when he was three-quarters of the way across.

The defendant Liebowitz, called by the plaintiffs, testified that Venema was operating at eighteen miles an hour, and

that he did not see the truck making the left-hand turn into Randolph street, and that the Chevrolet car came into contact with the right wheel of Venema's truck.

The plaintiffs, passengers in Liebowitz's car, testified that Liebowitz was driving fast and struck the truck with such force that they were thrown out of the car in which they were riding, and that the Liebowitz car did not stop at all before the impact.

The testimony clearly shows that this accident was caused solely by the negligence of the defendant Liebowitz, in fast driving in the circumstances, and in not properly observing, as it was his duty to do, the Venema truck.

So far as the verdict in favor of the owner and driver of the Venema truck is concerned, the rule to show cause will be discharged.

So far as the verdict in favor of Liebowitz is concerned the rule to show cause will be made absolute.